**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LYDIA MCCOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-388-JWD-SDJ** |
| **ZANTAVIA HAMILTON BOGAN, et al.** | |

### NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 1, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYDIA MCCOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-388-JWD-SDJ** |
| **ZANTAVIA HAMILTON BOGAN, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are Motions to Dismiss (R. Docs. 25, 42, 43, 44) filed by the various Defendants, as well as Plaintiff's Motion for Leave to Amend (R. Doc. 59). Although it was filed last, the Court will address Plaintiff's pending Motion for Leave (R. Doc. 59) before considering Defendants' Motions to Dismiss (R. Docs. 25, 42, 43, 44), as the Court's handling of Defendants' Motions will vary greatly, depending on the outcome of Plaintiff's request to amend.

**A.    Plaintiff's Motion for Leave to Amend**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have liberally construed Rule 15(a)(2) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("the liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend"). The decision to grant leave is within the sound discretion of the court.[1] However, "if

---

[1] "The types of reasons that might justify denial" of leave to amend "include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

the district court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

Here, while this case has been pending for some time, the litigation is still in its infancy. Indeed, Plaintiff's Motion for Leave was filed before the parties have begun discovery or even submitted a status report. The proposed Amended Complaint includes new factual allegations (R. Doc. 59-1); ultimately, it's meant to address and remedy the issues raised in the pending Motions to Dismiss. (R. Doc. 59 at 6) (arguing that her proposed amendment "[a]ttempt[s] to reclassify and clarify the claims as well as, once again, process all the events").

Generally, when a plaintiff seeks to amend following a motion to dismiss, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008); *see also Louisiana v. Bank of America Corp.*, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (same); *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (district abused its discretion in granting motion to dismiss, while denying subsequently filed motion for leave to amend, as moot; "Pure Country's motion to amend the complaint rendered moot Sigma Chi's motion to dismiss."); Order Granting Pl.'s Mot. for Leave at 3, *Kosatka v. Southern Nat'l Life Ins. Co.*, No. 13-cv-335-JJB-RLB (M.D. La. Nov. 22, 2013), ECF No. 24 (granting motion for leave to amend filed after defendant had moved to dismiss and noting: "Whether the Second Amended Complaint will remedy any of the alleged deficiencies . . . can also be decided by the filing of a similar dispositive motion."); *Biwen Liang v. Home Reno Concepts LLC*, 2018 WL 1401801, at *3 (E.D.N.Y. March 19, 2018) ("It is a far better conservation of judicial and party resources to

permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

This 'preferred course' seems appropriate here, given that Plaintiff is proceeding pro se, the case is in its infancy, and Plaintiff raises new allegations intended to cure the alleged defects cited in the Motions to Dismiss. *See Amanduron v. American Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) ("Generally, a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

Whether the Amended Complaint will remedy any of the alleged deficiencies can be decided by the filing of similar dispositive motions, which Defendants indicate they intend to file.[2] (Defendants' Opp'n, R. Doc. 60 at 2) ("The defendants would undoubtedly file another round of Rule 12(b)(6) motions in response to the 79-page amended complaint . . . ."); *see Jefferson Community Health Care Centers, Inc. v. Jefferson Parish Gov't*, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (given the new allegations and claims in the amended complaint, it would be more efficient to deny pending motions to dismiss as moot and allow defendants to file renewed motions, addressing the amended complaint); *Biwen Liang*, 2018 WL 1401801, at *3 ("It is a far better conservation of . . . resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the [] claim."). And so,

**IT IS RECOMMENDED** that Plaintiff's Motion for Leave to Amend (R. Doc. 59) be **GRANTED** and that the Clerk of Court be directed to file Plaintiff's Amended Complaint (R. Doc. 59-1) into the record.

---

[2] By recommending that Plaintiff be given this opportunity to amend, the Court is in no way indicating, and takes no position at this time, as to whether her Amended Complaint would survive any challenges under Rule 12 of the Federal Rules of Civil Procedure.

**B.     Defendants' Motions to Dismiss**

Courts vary in how they proceed when a plaintiff amends the complaint while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, 2012 WL 6002680, at *12 nn.3-4 (E.D. La. Nov. 30, 2012) (collecting cases). Nonetheless, "many district courts — including those in this Circuit — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *Louisiana v. Bank of America Corp.*, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020); *see also Rodgers v. Gusman*, 2019 WL 186669, at *2 & n.16 (E.D. La. Jan. 14, 2019) (same and collecting cases); *Garcia v. City of Amarillo, Texas*, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018) ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint."); *Xtria, LLC v. Int'l Ins. Alliance Inc.*, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot."); *Probado Technologies Corp. v. Smartnet, Inc.*, 2010 WL 918573, at *1 (S.D. Tex. Mar. 12, 2010) ("If an amended complaint does not incorporate the earlier pleading, the court may deny as moot a motion to dismiss that was filed before the operative amended complaint.").

And while a court may apply a pending Rule 12 motion to a newly amended complaint, it should nonetheless deny the pending motion as moot if that application "would cause confusion or detract from the efficient resolution of the issues . . . ." *Rodgers*, 2019 WL 186669, at *2 (In that situation, "it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.").

Here, the Amended Complaint contains new factual allegations intended to cure the defects cited in the Motion to Dismiss. For that reason, the Court believes it would be most efficient to

deny the pending Motions to Dismiss (R. Doc. 25, 42, 43, 44) as moot, allowing Defendants to re-urge their Motions addressing the Amended Complaint. *See Rodgers*, 2019 WL 186669, at *1-2 (denying pending motion to dismiss as moot, where subsequently filed amended complaint alleged new facts to correct the defects cited in the motion to dismiss); *Jefferson Community Health Care Centers, Inc. v. Jefferson Parish Gov't*, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (given the new allegations and claims in the amended complaint, it would be more efficient to deny pending motions to dismiss as moot and allow defendants to file renewed motions, addressing the amended complaint); *Byorick v. CAS, Inc.*, 2015 WL 302147, at *2 (D. Colo. Jan. 22, 2015) ("[I]nstead of forcing a futility argument into its Rule 15(a) opposition brief, Northrup will be better served by waiting to file a renewed motion under Rule 12(b)(6) after Plaintiff's Second Amended Complaint is in place as the operative pleading . . . .").

### C.     Recommendation

For the reasons given above, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave (R. Doc. 59) be **GRANTED** and that Plaintiff's Amended Complaint (R. Doc. 59-1) be filed into the record by the Clerk of Court.

Additionally, **IT IS RECOMMENDED** that Defendants' pending Motions to Dismiss (R. Docs. 25, 42, 43, 44) be **DENIED without prejudice as moot**. After Plaintiff's Amended Complaint has been entered into the record, Defendants may refile their Motions to Dismiss within the time period set by Rule 15(a)(2) (14 days), making any changes they deem necessary to their original Motions to Dismiss.

Signed in Baton Rouge, Louisiana, on July 1, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**