# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYDIA McCOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-388-JWD-SDJ** |
| **ZANTAVIA BOGAN, et al.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 26, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LYDIA McCOY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-388-JWD-SDJ** |
| **ZANTAVIA BOGAN, et al.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Disqualification pursuant to 28 U.S.C. §§ 144 and 455 (R. Doc. 64), as well as a Motion to Change Venue (R. Doc. 65), both of which were filed by Plaintiff, Lydia McCoy (Plaintiff), who is proceeding without counsel. Defendant, Wilson Fields, filed Oppositions to both Motions (R. Docs. 66, 67). For the reasons given below, the Court **RECOMMENDS** that Plaintiff's Motions both be **DENIED**.

### I.   BACKGROUND

Plaintiff filed her Complaint against a multitude of public officials and entities, as well as private citizens. While it appears that Plaintiff's lawsuit originates from a dispute between Plaintiff and her roommate, she goes on to allege a vast conspiracy between the Baton Rouge Police Department, Baton Rouge Fire Department, and her apartment complex to deprive Plaintiff of her constitutional rights and cause her injury.

The litigation is in its initial stage. Discovery has not begun, and a scheduling conference has not been held. The Court has recently recommended that Plaintiff's Motion for Leave to Amend be granted and that Defendants' Motions to Dismiss be denied without prejudice. This Report and Recommendation (R. Doc. 68) is currently pending before the District Judge and has

been objected to by Plaintiff (R. Doc. 69). In the meantime, Plaintiff filed the instant Motion for Disqualification (R. Doc. 64), seeking to disqualify the entire Middle District of Louisiana, as well as a Motion to Change Venue (R. Doc. 65), seeking transfer of this litigation to the District of Oregon. Both Motions are addressed below.[1]

## II. LAW AND ANALYSIS

### A. Motion for Disqualification

In her Motion for Disqualification, Plaintiff requests that "the US Court for the Middle District of Louisiana [] not [] handl[e] this case, due to prejudice against Plaintiff." (R. Doc. 64 at 1). In her attached Declaration, Plaintiff largely complains about this Court's handling of one of her prior litigations—*Doe v. City of Baton Rouge,* No. 19-cv-48-SDD-RLB (M.D. La. filed Jan. 25, 2019).[2] More specifically, she takes issue with the fact that another judge in this Court granted her own voluntary Motion to Dismiss that litigation, but originally did so with prejudice. *See* Order of Dismissal with Prejudice, *Doe v. City of Baton Rouge*, No. 19-cv-48-SDD-RLB (M.D. La. March 19, 2019), ECF No. 7. However, the decision was later reversed, and the Court *sua sponte* reissued its Order dismissing Plaintiff's case without prejudice. *See* Amended Order of Dismissal without Prejudice, *Doe v. City of Baton Rouge*, No. 19-cv-48-SDD-RLB (M.D. La. Nov. 19, 2019), ECF No. 15.

---

[1] The Court notes that this is now the third time Plaintiff has sought both disqualification of the entire Middle District of Louisiana and to transfer her case to a distant court. *See Doe v. City of Baton Rouge*, No. 20-cv-514-JWD-EWD, 2021 WL 304392 (M.D. La. Jan. 29, 2021) (adopting R&R denying request for disqualification of entire MDLA and transfer); *McCoy v. SC Tiger Manor*, No. 19-723-JWD-SDJ, 2021 WL 641542 (M.D. La. Feb. 18, 2021) (same). Each time Plaintiff has raised the same conclusory allegations of prejudice. Each time she has been unsuccessful.

[2] Plaintiff also claims that the Court has previously questioned her mental soundness. (R. Doc. 64-1 at 3). However, she does not quote any specific language, nor does she say when or in what litigation this allegedly occurred. Because Plaintiff has filed numerous actions in the Middle District of Louisiana, and provides no further information, the Court has no way of knowing the alleged conduct to which Plaintiff refers or whether any such incident even occurred. The Court is certain, however, that no such incident has occurred in this litigation.

Despite this, the original Order of Dismissal with Prejudice seems to have negatively colored Plaintiff's view of this entire Court. Indeed, because of this past incident, she now accuses this Court of "authoritarian madness," "deceiv[ing] and mislead[ing] the public," and engaging in "criminal acts" throughout this and her other litigations. (R. Doc. 64-1 at 2, 3). But these are nothing more than conclusory allegations. And critically, Plaintiff cannot cite to a single action taken by either judge assigned to this case indicating some bias or prejudice against her. As explained below, Plaintiff's inability to demonstrate prejudice is one of several reasons her request for disqualification must fail.

Here, Plaintiff seeks disqualification under either 28 U.S.C. § 144 or 28 U.S.C. § 455.[3] According to section 144:

> Whenever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Courts have held that a *pro se* litigant may not obtain disqualification of a presiding judge under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it"—the affidavit in support of disqualification—"is made in good faith." *See Williams v. Magnolia Café*, 2019 WL 7343507, at *2 (M.D. La. Dec. 30, 2019) (finding "recusal under § 144 is not applicable" because "a *pro se* litigant cannot meet the plain language of the statute requiring 'a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith'"); *Gibson v. Gusman*, 2014 WL 6469507, at *3 (E.D.

---

[3] *See K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017) (noting the two statutes governing recusal of District Court Judges are 28 U.S.C. § 144 and 28 U.S.C. § 455).

La. Nov. 17, 2014) (concluding that "a *pro se* litigant may not use 28 U.S.C. § 144 as a means to seek recusal"); *Larsen v. "Eleged" Fish & Wildlife Serv./or Outlaws*, 2004 WL 1698670, at *1 (E.D. La. July 28, 2004) ("[section] 144 is inapplicable in the case of a *pro se* litigant"). And because Plaintiff is proceeding *pro se*, she cannot seek disqualification of any of the Judges assigned to this case under § 144.

The second statute under which Plaintiff seeks disqualification, 28 U.S.C. § 455, provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding….

"Judicial disqualification is solely a question of law." *Larsen*, 2004 WL 1698670, at *1 (*citing In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984)). "The burden of proof on the litigant in this regard is substantial, because a judge is presumed to be impartial." *Id.* (*citing NJIE v. Lubbock County Tex.*, 999 F. Supp. 858, 860 (N.D. Tex. 1998)). In determining whether recusal is appropriate under § 455, the Fifth Circuit has stated that the standard is an objective one, with the "relevant inquiry" being "whether a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality. *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999) (internal quotations omitted); *see also Green v. Stevenson*, No. 12-432, 2012 WL 2154123, at *3 (E.D. La. June 13, 2012).

This showing must be based on specific facts to avoid giving a party a "random veto over the assignment of judges." *Capizzo v. State of Louisiana*, No. 99-138, 1999 WL 539439, at *1 (E.D. La. July 22, 1999). Also, a § 455 claim "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of

personal bias or prejudice." *Green*, 2012 WL 2154123, at *3 (*citing U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *U.S. v. Landerman*, 109 F.3d 1053, 1066 (5th Cir. 1997).

Here, rather than seeking disqualification of a particular judge, Plaintiff seeks disqualification of this entire judicial district. Because the statutes invoked do not contemplate such disqualification, and because the undersigned has no knowledge of or connection with the prior case in this Court that Plaintiff claims is the root of the prejudice she allegedly is suffering, Plaintiff has wholly failed to meet her burden.

Plaintiff has not alleged any facts to support her belief that there is any bias or prejudice against her by either the District or Magistrate Judge assigned to this case. Indeed, the only substantial court order to date has been a Report and Recommendation by the Magistrate Judge, recommending that Plaintiff be permitted leave to amend her Complaint and that Defendants' Motions to Dismiss be denied as moot. (R. Doc. 68). Although Plaintiff has objected to the Report and Recommendation (R. Doc. 69), which remains pending before the District Judge, the recommendation of the Magistrate Judge—that Plaintiff's Motion for Leave to Amend be granted—does not indicate any bias towards Plaintiff. In fact, none of Plaintiff's alleged grievances involve any of the rulings issued in this litigation.  Further, none of the Judges assigned to this case had any involvement with the prior litigation that Plaintiff referenced as the basis for the instant Motion.

Plaintiff has failed to provide any specific facts that would lead a reasonable and objective person to question the impartiality of the undersigned or the District Judge or that would demonstrate any personal bias of any judicial officer assigned to this case. Recusal of the entire

court and the assigned judges is not warranted here. It, therefore, is **recommended** that Plaintiff's request for disqualification pursuant to either §144 or § 455 be **denied**.

### B.     Motion to Change Venue

Plaintiff's Motion to Change Venue (R. Doc. 65) seeks a transfer of this case to the District of Oregon under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Focusing her argument entirely on section 1406(a), [4] Plaintiff claims that transfer is warranted, as the statue permits transfer in order to remove "obstacles that otherwise will impede the administration of justice." (R. Doc. 65-1 at 6). According to Plaintiff, the "obstacle" impeding the administration of justice is the Court itself—i.e., the entire Middle District of Louisiana. In support of this assertion, Plaintiff claims that the "LAMD has been blocking access to courts for me since January 25, 2019." (R. Doc. 64-1 at 1). Plaintiff is again referring to the Court's handling of her prior litigation—*Doe v. City of Baton Rouge*, No. 19-48-SDD-RLB (M.D. La. filed Jan. 25, 2019). Based again of the Court's handling of this prior litigation—and not on anything related to the instant case—Plaintiff summarily claims: "There is no doubt that I will never receive an impartial and fair judgment for any of my claims in LAMD." (R. Doc. 64-1 at 3).

---

[4] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Here, because the parties have not all consented to transfer venue to the District of Oregon (R. Doc. 67), the pertinent question is whether the case "might have been brought" in the destination venue. *In re Volkswagen*, 545 F.3d 304, 312 (5th Cir. 2008). In answering this question, courts typically consider a number of private and public interest factors. *See id.* at 315; *see also Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 936 (W.D. La. 2014) ("The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. (citations omitted). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."). The Court here does not discuss the factors typically considered for transfer under 28 U.S.C. § 1404(a), as Plaintiff has not addressed those factors and made no effort to substantively discuss section 1404(a) in either her Motion (R. Doc. 65) or supporting Declaration (R. Doc. 64-1).

The Court has already found that Plaintiff failed to present any evidence of bias or prejudice towards her. And because she raises no other arguments in support of her request to transfer venue to the District of Oregon, the Court must **recommend** that Plaintiff's Motion to Change Venue (R. Doc. 65) be **denied**.

### III.   CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's Motion for Disqualification (R. Doc. 64) and Motion to Change Venue (R. Doc. 65) both be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 26, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**